DA 13-0731

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 237N

IN RE THE MATTER OF:

L.D.L.B.,

    A Minor Child.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDA 12-089
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Brenda Wahler, Attorney at Law; Helena, Montana

    For Appellee:

    Darcy M. Crum, Rebeck & Crum; Great Falls, Montana

Submitted on Briefs:  July 23, 2014
Decided:  September 2, 2014

Filed:

_____
Clerk

Justice Michael E. Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 L.D.L.B. was born on November 21, 2009 to N.L. D.B. is the mother of N.L. and the grandmother of L.D.L.B. For the majority of L.D.L.B.'s life, she has lived with D.B. In November of 2010, D.B., N.L. and L.D.L.B. all lived together in Great Falls, Montana. D.B. was the primary caretaker for the child during this period, although N.L. was in frequent contact with the child. In February of 2011, N.L. and her husband moved into housing at Malmstrom Air Force Base. N.L. and D.B. agreed that L.D.L.B. would remain in the custody and care of D.B., rather than move into base housing with N.L. Pursuant to that agreement, N.L. consented to court appointment of D.B. as the guardian of L.D.L.B. N.L. had limited contact with L.D.L.B. since that time, and has not engaged in any parenting or parental role beyond visiting with the child occasionally.

¶3 On November 8, 2012, D.B. brought a petition to terminate N.L.'s parental rights and to adopt L.D.L.B. The District Court held a hearing for the consideration of evidence on the parenting of L.D.L.B. The District Court determined that N.L. had abandoned L.D.L.B. pursuant to §§ 41-3-102(1)(a)(ii) and 42-2-608(1)(b), MCA, and accordingly, terminated N.L.'s parental rights. The court made this determination based on its finding

2

that N.L. had only limited contact with the child, had not taken on any parenting roles in the child's upbringing, and that the child had begun referring to D.B. as her mother.

¶4 We review a district court's decision to terminate parental rights for an abuse of discretion. *In re A.J.W.*, 2010 MT 42, ¶ 12, 355 Mont. 264, 227 P.3d 1012. A court abuses its discretion when it acts arbitrarily, without employment of judgment, or in excess of the bounds of reason. *A.J.W.*, ¶ 12. Under this standard, we review a district court's findings of fact for clear error, and its conclusions of law to determine whether they are correct. *In re C.J.K.*, 2005 MT 67, ¶ 13, 326 Mont. 289, 109 P.3d 232.

¶5 N.L. argues that she did not abandon L.D.L.B., and at any rate, termination of her rights was not required by statute. Section 41-3-102(1)(a)(ii), MCA, defines "abandonment" as "willfully surrendering physical custody for a period of 6 months and during that period not manifesting to the child and the person having physical custody of the child a firm intention to resume physical custody or to make permanent legal arrangements for the care of the child." We first turn to whether the District Court's determination of abandonment was supported by substantial evidence. N.L. argues that the District Court improperly resolved a number of factual disputes in favor of D.B. N.L. argues that her periodic visits with L.D.L.B. did constitute parenting, that she had more frequent contact with the child than D.B. alleged, and that D.B. somehow thwarted her contact with the child. However, N.L. can point to no facts in the record demonstrating that the court's findings were in error or were unsupported by substantial evidence. The District Court heard the testimony of D.B. and N.L. during the hearing, and specifically

3

determined that many of N.L.'s claims lacked credibility, especially her assertion that D.B. had thwarted any parenting by making N.L. feel uncomfortable. The court also took notice of undisputed facts that underscore N.L.'s lack of parenting the child, such as her agreement that the child would continue to live with D.B. and the fact that N.L. had not seen the child for an extended period of time. In fact, the court found that N.L. had not seen the child for a total of seven months before the hearing at which the court terminated her parental rights. This finding satisfies the provision of § 41-3-102(1)(a)(ii), MCA, defining abandonment, which, as noted, includes the willful surrender of physical custody for a period of six months. The court characterized N.L.'s attitude as one of "manifest disinterest in the parenting of this child since moving on to base housing." Thus, substantial evidence supported the court's legal conclusion that N.L. had abandoned her daughter.

¶6 N.L. also argues that the court was not "required" to terminate her parental rights. The decision to terminate parental rights is a matter of discretion for the district court. *A.J.W.*, ¶ 12. After a thorough hearing of the evidence presented by both parties, the court exercised that discretion in determining that the best interest of the child would be served by terminating N.L.'s parental rights and awarding custody to D.B. That decision was based on the child's need for a permanent home, the child's relationship with D.B., and N.L.'s waning visitation of the child.

¶7 For the foregoing reasons, we affirm. The District Court's decision was supported by substantial evidence and the legal issues are controlled by settled Montana law, which

4

the District Court correctly interpreted. We have therefore determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER